PEOPLE v CRAWFORD

Docket No. 45727. Submitted April 3, 1980, at Lansing.—Decided June 17, 1980. Leave to appeal applied for.

Defendant, Robert R. Crawford, was charged with forgery, uttering and publishing a forged instrument and being a habitual criminal, fourth offense, in the Jackson Circuit Court. Defendant was convicted, on his plea of nolo contendere, of forgery and, on his plea of guilty, of being a habitual criminal, second offense, Charles J. Falahee, J., and was sentenced to 6 to 14 years. Defendant appeals, alleging that his plea to being a habitual criminal, second offense, was illusory in that a prior plea-based conviction was invalid because he was not advised of his right to confront his accusers and his right not to be compelled to incriminate himself as required by *Boykin v Alabama,* 395 US 238; 89 S Ct 1090; 23 L Ed 2d 274 (1969), and *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). *Held:*

1. Only those infirm prior guilty-plea convictions where defendant was not represented by counsel should be excised from a defendant's prior record for purposes of the habitual offender statute.

2. No prejudice or harm resulted to defendant.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS — HABITUAL. OFFENDER.

Only those infirm prior guilty-plea convictions where defendant was not represented by counsel should be excised from a defendant's prior record for purposes of the habitual offender statute.

2. CRIMINAL LAW — PLEA OF GUILTY — HABITUAL OFFENDER — SENTENCES — PREJUDICE.

No prejudice resulted to a defendant who was charged with forgery, uttering and publishing and being a habitual criminal,

fourth offense, and who was, at most, guilty of being only a third-felony offender where he pled nolo contendere to forgery and guilty to being a second-felony offender and received a total sentence of 6 to 14 years.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

BASHARA, P.J. Defendant was charged with forgery, MCL 750.248; MSA 28.445, uttering and publishing, MCL 750.249; MSA 28.446, and as a habitual offender, fourth felony. He was subsequently convicted, by a plea of nolo contendere, of forgery and, by a guilty plea, of being a habitual offender, second offense, MCL 769.10; MSA 28.1082.

On appeal, defendant's primary claim is that the bargain resulting in his plea to being a habitual offender, second offense, was illusory. He argues that a prior plea-based conviction on June 13, 1969, was invalid because he was not advised of two of his rights under *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

He therefore reasons that, at most, he could have been found guilty under the habitual offender statute as a third offender, which carries a maximum penalty of 28 years, rather than as a fourth

---

* Circuit judge, sitting on the Court of Appeals by assignment.

offender, which provides a maximum possible penalty of life imprisonment. It should be noted that the defendant received only one conviction of 6 to 14 years imprisonment, with 228 days credit.

We reject defendant's contention and affirm the conviction and sentence.

Those few cases in our' Court which have spoken to the issue, *People v Sanders*, 91 Mich App 737; 283 NW2d 841 (1979), the majority opinion in *People v Watroba*, 89 Mich App 718; 282 NW2d 196 (1979), and *People v Jones*, 83 Mich App 559; 269 NW2d 224 (1978), have all relied on *People v Moore*, 391 Mich 426; 216 NW2d 770 (1974). *Moore*, in turn, relied on *United States v Tucker*, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

In discussing the impact of *Tucker* on Michigan jurisprudence, the *Moore* Court stated:

"Tucker's three previous state felony convictions preceded *Gideon*. It was established that two of them were constitutionally infirm because Tucker 'had been unrepresented by counsel, and that he had been "neither advised of his right to legal assistance nor [had] he intelligently and understandingly waive[d] [his] right to the assistance of counsel." ' 404 US 445. The Court, while reasserting the 'wide discretion' granted a judge in sentencing, remanded for resentencing because the sentence 'might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained.' The Court observed that if the sentencing judge 'had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding.' 404 US p 448.

"Although *Tucker* arose in a Federal post-conviction proceeding challenging a Federal conviction and sentence, its retroactive application to state convictions has been accepted by a number of state courts, including

our Court of Appeals. We conclude, in light of the consistent retroactive application in state criminal proceedings of *Gideon* and its progeny's expansion of the right to counsel, that *Tucker* is applicable with full retroactivity to all sentences imposed by Michigan courts." (Footnotes omitted.) *People v Moore, supra,* 436-437.

We conclude, as did this author in *People v Watroba, supra,* that only those prior guilty-plea convictions where the defendant was not represented by counsel should be excised from one's prior conviction record for purposes of the habitual offender statute. See also, *People v James,* 90 Mich App 424; 282 NW2d 344 (1979).

However, assuming *arguendo* that defendant's contention is correct, we cannot say that prejudicial error has occurred in the sentence of the trial court. The defendant was charged with two distinct felonies. Beyond that, he was guilty of violating the habitual offender statute as at least a third-felony offender.

Considering that defendant's total sentence was only 6 to 14 years, it can hardly be said that defendant did not receive all that justice allows. Common sense and logic compels us to the inescapable conclusion that the defendant was neither prejudiced nor harmed by the inclusion of the contentious fourth-felony conviction, which was as a result of a plea taken only 11 days after the *Boykin* opinion was released from Washington.

We also find no merit to defendant's claim that he was given two convictions and two sentences. The record reflects only one sentence and one conviction by the trial court.

Affirmed.