PEOPLE v CRAWFORD

Docket No. 65437. Argued March 8, 1983 (Calendar No. 3).—Decided November 7, 1983.

Robert R. Crawford was charged with forgery and uttering and publishing forged instruments, and with having been convicted of three prior felonies. He agreed to plead nolo contendere to the charge of forgery and to plead guilty of having been convicted of one prior felony in exchange for dismissal of the charge of uttering and publishing and an amendment of the supplemental information to charge him with having been convicted of one prior felony. The Jackson Circuit Court, Charles J. Falahee, J., accepted his pleas. The Court of Appeals, Bashara, P.J., and M. J. Kelly and Freeman, JJ., affirmed (Docket No. 45727). The defendant appeals, alleging that the plea bargain was illusory because the one felony conviction included in the amended supplemental information was subject to attack on the ground that it was obtained pursuant to a defective plea of guilty.

In an opinion by Justice Levin, joined by Chief Justice Williams and Justices Kavanagh and Cavanagh, the Supreme Court *held:*

On the facts of the case, the defendant's conviction as a second offender must be affirmed.

1. The maximum term of imprisonment which may be imposed upon conviction as a second offender is not more than 1-1/2 times the longest term prescribed for a first conviction. Upon a third conviction, the maximum term is twice the longest term prescribed for a first conviction, and, upon a fourth conviction, the maximum term is life imprisonment. The sentence actually imposed upon the defendant as a second offender was not greater than the maximum sentence which could have been imposed upon him as a first offender, so that

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 481-485.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 21, 22.

[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 18 *et seq.*

he did not suffer prejudice with respect to the sentence as a result of the inclusion in the amended supplemental information of the conviction which he now asserts is defective.

2. The defendant contends that because one of the convictions included in the original supplemental information charging him as a fourth offender was defective he suffered prejudice because had he not been charged as a fourth offender, with the possibility of a life sentence, he might have decided not to plead guilty or might have been able to obtain a more advantageous bargain. He did not move to set aside the challenged conviction or to quash the amended information on the ground that the conviction was defective. No claim is made that the prosecutor was on notice that a conviction was deficient or subject to challenge or that he included in the supplemental information a conviction which, under established principles, he could not include.                    .

3. A conviction defective because the defendant was not fully advised of his constitutional rights can be challenged by a timely motion to quash the supplemental information or to strike the defective correction from the supplemental information. To be timely, such a motion must be made before a plea of guilty or nolo contendere is accepted.

Justice Brickley, joined by Justice Ryan, concurred in the result, but disagreed with the assertion that a defective conviction never directly attacked may be challenged by a timely motion during an habitual offender proceeding. He would hold that only convictions obtained in violation of the defendant's right to counsel are subject to collateral attack when the convictions are used as the basis for charging the defendant as an habitual offender. Plea-based convictions obtained without advising the defendant of the right to confront accusers and the right against self-incrimination should not be open to collateral attack. Denial of the right to counsel is a deprivation of rights altogether different from that in issue in this case, because it impugns the integrity of the conviction, raising doubts about the guilt of the accused.

Affirmed.

98 Mich App 309; 296 NW2d 244 (1980) affirmed.

## OPINION OF THE COURT

1. CRIMINAL LAW — PLEA BARGAINS — HABITUAL OFFENDERS.

A plea bargain which required a defendant to plead guilty as a second offender in exchange for amendment of the supplemen-

tal information originally charging him as a fourth offender was not illusory on the ground that one of the convictions included on the amended information was subject to collateral attack where the defendant did not move to set aside the challenged conviction or to quash the information; the prosecutor was not on notice that the conviction was subject to challenge; no claim was made that either of the remaining convictions which had been included on the original information was defective; and the sentence imposed was no greater than could have been imposed upon a first offender.

CONCURRING OPINION BY BRICKLEY, J.

2. CRIMINAL LAW — HABITUAL OFFENDERS — CONVICTIONS — COLLATERAL ATTACK.

   *Convictions used as a basis for charging a defendant as an habitual offender should be subject to collateral attack only where the convictions were obtained in violation of the defendant's right to counsel; plea-based convictions obtained without advising the defendant of the right to confront accusers and the right against self-incrimination should not be open to collateral attack.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *P. E. Bennett)* for the defendant.

LEVIN, J. Robert Reid Crawford was charged with forgery,[1] uttering and publishing,[2] and with being a fourth-felony offender.[3] Pursuant to a plea bargain, the uttering and publishing charge was dismissed, the supplemental information was amended to charge only one prior felony, and Crawford pled nolo contendere[4] to the charge of

---

[1] MCL 750.248; MSA 28.445.

[2] MCL 750.249; MSA 28.446.

[3] MCL 769.12; MSA 28.1084.

[4] Crawford asserted at the plea-taking proceeding that by reason of intoxication he had no independent recollection of having committed the offense.

forgery and guilty of being a second offender.

Crawford appealed, claiming that the plea bargain was illusory[5] because the particular conviction charged in the amended supplemental information was subject to attack on the ground that it was obtained pursuant to a plea of guilty which was defective in that he was not advised of two of

[5] Crawford argues that charging him as a fourth offender "was a coercive misrepresentation of the prosecutor's charging authority" and that his plea was made "pursuant to an illusory bargain".

The three prior felony convictions alleged in the supplemental information occurred on August 14, 1964, in Berrien County, of uttering and publishing, on March 7, 1969, in Ingham County, of uttering and publishing, and on June 13, 1969, in Ingham County, of attempted uttering and publishing. The instant charge was for forgery and uttering and publishing in Jackson County.

The first two prior felony convictions alleged in the supplemental information were eliminated as a result of the plea bargain. The prosecutor relied on the June 13, 1969, attempted uttering and publishing conviction as Crawford's one prior felony conviction in the amended supplemental information.

At the June 13, 1969, plea proceeding, Crawford was advised of his right to a jury trial, but was not advised of his rights to confront his accusers and not to be compelled to incriminate himself, two of the *Boykin-Jaworski* rights.

*Boykin* was decided on June 2, 1969, 11 days before Crawford pled guilty on June 13, 1969.

In *People v McMillan,* 389 Mich 114; 204 NW2d 682 (1973), this Court stated that, with a limited exception there noted, the *Boykin-Jaworski* requirements do not apply to pleas of guilty taken before June 2, 1969.

The two prior convictions which were dropped as part of the plea bargain, the convictions on August 14, 1964, and March 7, 1969, were obtained prior to the decision in *Boykin.* The March 7, 1969, conviction followed a jury trial.

Crawford asserts, alternatively, that his second and third prior convictions, on March 7, 1969, and June 13, 1969, were of crimes which occurred only one day apart—on March 29 and March 30, 1968. He contends that for two convictions to count as two distinct, successive convictions for purposes of the habitual offender statute, the conviction of the first offense must occur before the commission of the second offense. This claim, like his principal claim based on *Jaworski,* depends on facts not of record at the plea taking, and, again, this claim was not advanced before the plea was offered and accepted. We see no need to consider it further or to decide the question Crawford has raised alternatively.

the constitutional rights identified in *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).[6]

The Court of Appeals affirmed, stating "that only those prior guilty-plea convictions where the defendant was not represented by counsel should be excised from one's prior conviction record for purposes of the habitual offender statute".[7] The Court of Appeals continued that "assuming *arguendo* that defendant's contention is correct, we cannot say that prejudicial error has occurred in the sentence of the trial court."[8] We affirm, but do so on a different analysis.

A

By pleading guilty to the supplemental information charging forgery as a second offense, Crawford enlarged the judge's sentencing authority. The maximum punishment for forgery is 14 years,[9] which could have been increased to 21 years as a result of Crawford's plea of guilty to the amended supplemental information.[10] Crawford was actually

---

[6] *Jaworski* was based on *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

[7] *People v Crawford,* 98 Mich App 309, 312; 296 NW2d 244 (1980).

[8] The Court of Appeals went on to say:

"The defendant was charged with two distinct felonies. Beyond that, he was guilty of violating the habitual offender statute as at least a third-felony offender.

"Considering that defendant's total sentence was only 6 to 14 years, it can hardly be said that defendant did not receive all that justice allows. Common sense and logic compels us to the inescapable conclusion that the defendant was neither prejudiced nor harmed by the inclusion of the contentious fourth-felony conviction, which was as a result of a plea taken only 11 days after the *Boykin [v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969)] opinion was released from Washington".

[9] See fn 1.

[10] The habitual offender statute provides that the maximum term of imprisonment which may be imposed upon conviction as a second offender is not more than 1-1/2 times the longest term prescribed for a first conviction, MCL 769.10; MSA 28.1082, and, upon conviction as

sentenced to serve a term of 6 to 14 years, a
sentence which could have been imposed upon
conviction of forgery as a first offense had he not
pled guilty to the amended supplemental informa-
tion charging it as a second offense. Accordingly,
Crawford did not suffer any prejudice in respect to
the sentence imposed as a result of the inclusion
in the amended supplemental information of the
prior conviction which he now asserts is defective
under *Jaworski.*

B

Crawford asserts that he was nevertheless preju-
diced because if he had not been originally
charged in a supplemental information as an ha-
bitual offender, fourth offense, which, upon convic-
tion, subjects the offender to a sentence of life or a
lesser term,[11] he might not or would not have pled
guilty or might have been able to work out a more
advantageous plea bargain than the one which he
was able to negotiate.[12]

Crawford did not, before pleading nolo conten-
dere and guilty, move to quash the supplemental
information on the ground that the June 13, 1969,
conviction was defective. Crawford's claim that a
prior conviction is defective is based on facts which
would not appear in a printout of his prior convic-

a third offender, twice the longest term prescribed, MCL 769.11; MSA
28.1083, and, upon conviction as a fourth offender, life imprisonment
(see fn 3).

[11] See fn 3.

[12] Crawford makes no claim that two of his prior convictions were
defective, and hence he may have been convicted as a third offender.
He may, therefore, not have been prejudiced by the inclusion in the
supplemental information of a conviction which was defective under
*Jaworski.* We do not, however, posit affirmance of his conviction on
that basis.

tion record. Under the decisions of this Court, a prosecutor has a limited time in which to file a supplemental information. He cannot be expected to order the trial court record in every prior case in which a defendant was convicted and scrutinize it for error before filing a supplemental information.[13]

No claim is made that the prosecutor included in the supplemental information a conviction which, under established principles, he could not properly include. Nor is it claimed that the prosecutor was on notice that a prior conviction was deficient or subject to challenge.

Crawford not having moved to set aside the prior conviction of which he now complains or to quash the supplemental information, and it not appearing that the prosecutor was on notice that the prior conviction may have been deficient or subject to challenge, Crawford cannot properly complain that he might not or would not have pled guilty or might have worked out a better plea bargain if the facts had been developed and his legal position had been sustained.

## C

A conviction defective under *Jaworski* can be challenged by a timely motion by the defendant to quash the supplemental information or to strike from the supplemental information the defective conviction. To be timely, such a motion must be

[13] A prosecutor may not have all the facts regarding prior convictions when they are included in a supplemental information. Under this Court's decisions, *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982), and *People v Fountain,* 407 Mich 96, 97; 282 NW2d 168 (1979), a prosecutor may not delay his decision whether to charge a defendant as an habitual offender until he receives a transcript of underlying proceedings and has the opportunity to search for error.

made before a defendant's plea of guilty or nolo contendere is accepted.[14]

Affirmed.

WILLIAMS, C.J., and KAVANAGH and CAVANAGH, JJ., concurred with LEVIN, J.

BRICKLEY, J. I concur in the result of the majority opinion, but cannot concur in the assertion

[14] The United States Supreme Court has held that a conviction obtained without the advice of counsel in violation of *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), may not be used to charge the accused as an habitual offender, *Burgett v Texas,* 389 US 109; 88 S Ct 258; 19 L Ed 2d 319 (1967), or in imposing sentence for a subsequent offense, *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), or for impeachment in subsequent trial, *Loper v Beto,* 405 US 473; 92 S Ct 1014; 31 L Ed 2d 374 (1972). This Court applied the principle set forth in *Tucker* in *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

While the denial of the right to counsel has been given special importance in evaluating the effect of previous convictions on subsequent proceedings, this Court has assigned pre-eminent importance to the *Boykin-Jaworski* rights in guilty-plea procedures. See *Guilty Plea Cases,* 395 Mich 96, 120-122; 235 NW2d 132 (1975), holding that the failure to advise of those rights mandates reversal.

The Supreme Court of Washington has extended the concept that a defective conviction cannot be used in subsequent proceedings to include a plea-based conviction obtained on an inadequate recital of defendant's rights. See *State v Chervenell,* 99 Wash 2d 309; 662 P2d 836 (1983).

*United States v Timmreck,* 441 US 780; 99 S Ct 2085; 60 L Ed 2d 634 (1979), relied on in the concurring opinion, is distinguishable. In *Timmreck,* the trial judge failed to advise the defendant of a mandatory special parole term required by the court rule. The United States Supreme Court held that since the failure to provide the advice was not of constitutional magnitude, the conviction was not subject to collateral attack. This Court has held, however, that the *Boykin-Jaworski* rights are of such importance that the failure to advise of such rights requires that a guilty plea be set aside. See *People v Jaworski, supra; Guilty Plea Cases, supra.* Further, the question here is not whether the conviction is subject to collateral attack as an alternative to direct appeal, the issue dealt with in *Timmreck,* but whether the defective conviction may be used in supplemental proceedings when the repercussions to the defendant of his failure to appeal may yet be felt. A defendant placed on probation might not appeal a defective conviction. We are persuaded that a plea-based conviction, violative of *Boykin-Jaworski,* cannot be used to supplement a charge in habitual offender proceedings.

that a conviction, although defective under *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), but never directly attacked, may be challenged by a timely motion during an habitual offender proceeding. I would hold that only those guilty pleas taken in violation of *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), are subject to collateral attack in later habitual offender proceedings.

Denial of the right to counsel mandated by *Gideon* is a deprivation of rights altogether different from the issues before us here. The denial of the right to counsel impugns the integrity of the conviction, raising doubts about the guilt of the accused. It is for that reason, and that reason only, that the use of a counselless conviction is forbidden in collateral proceedings notwithstanding that the defendant did not raise the issue on direct review. The requirement of a record waiver of the right to remain silent, to cross-examine witnesses against him, and to be tried by a jury which is required by *Boykin-Jaworski,* while undoubtedly important, pales beside the right to counsel.

The United States Supreme Court has never forbidden the use of *Boykin*-violative convictions in state recidivist proceedings. A majority of this Court does so today because *Boykin* rights are of constitutional stature. Such reasoning begs the question. The right to be free from unreasonable searches, the right to effective assistance of counsel, the right to a properly instructed jury, and countless other rights are also of a constitutional nature. Are we now to assume that all violations of constitutional rights not raised during direct review of a conviction may now be reviewed during habitual offender proceedings? I agree with

Justice Stevens, writing for a unanimous Supreme Court in *United States v Timmreck,* 441 US 780, 784; 99 S Ct 2085; 60 L Ed 2d 634 (1979) (failure to advise defendant of a special parole term as required by F R Crim P 11 cannot be raised collaterally) when he states:

"For the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.

" 'Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice.' "

The adoption by the majority of this rule does nothing to further the interests of finality. Instead of providing incentive for raising claims on direct review where proper relief can be afforded and the error corrected, the majority allows a claim dormant for ten years to be resurrected when the defendant's tactical considerations so require. Allowing a previously settled conviction to be litigated again in a setting not normally involving the parties to the original proceeding will, in my judgment, create disorder in the administration of justice.

Ryan, J., concurred with Brickley, J.

Boyle, J., took no part in the decision of this case.