621 N.W.2d 226 (2001)
Jeanne JONES, James Jones, Roger Trost, Carol Trost, Mike Robert, Mike Barthlow, Cindy Barthlow, Susan Brown, Kenneth Brown, Shirley Bryant, David Burhans, Magdalena Chavez, William Chunn, Ivan Gadjev, Florence Gadjev, Rex Glasson, Barbara Glasson, Kevin Hall, Sonia Hall, Lon Hamilton, Diane Hamilton, William Hatton, Elizabeth Hatton, Bill Hofsess, Joan Hofsess, James Hubble, Virginia Hubble, Souren Merucci, Enera Merucci, Mary Pegoraro, Phil Pegoraro, Louis Peressini, Michael Allen Peters, Miguel Prieto, Jill Prieto, Todd Snider, Betty Zaher and all others similarly situated, Plaintiffs-Appellees,
v.
CITY OF FARMINGTON HILLS and John Doe Representatives, Employees, or Agents of the City of Farmington Hills, jointly and severally, Defendants-Appellants.
No. 117935, COA No. 227657.
Supreme Court of Michigan.
February 5, 2001.
*227 By order of November 22, 2000 this Court granted immediate consideration and granted the motion for stay of proceedings pending further consideration of the application for leave to appeal from the September 29, 2000 decision of the Court of Appeals.
On order of the Court, the application for leave to appeal is again considered, and it is GRANTED. The stay of proceedings remains in effect.
We further ORDER that this case be argued and submitted to the Court together with the case of Pohutski v. City of Allen Park, ___ Mich. ___, 621 N.W.2d 228, at such future session of the Court as both cases are ready for submission.
WEAVER, J., concurs and states as follows:
I agree with the majority's decision to grant leave in Pohutski v. Allen Park and Jones v. Farmington Hills to reconsider this Court's prior interpretations of M.C.L. § 691.1407(1); MSA 3.996(107)(1). I believe that, if we are going to reconsider the prior jurisprudence interpreting M.C.L. § 691.1407(1); MSA 3.996(107)(1), we should look at the entire subsection; accordingly, I would have the parties address the issues I raised in my concurrence in CS & P v. Midland, 461 Mich. 1010, 1012, 620 N.W.2d 7 (2000).
First, I would have the parties brief whether this Court should adopt Justice Griffin's dissent in Li v. Feldt (After Remand), 434 Mich. 584, 596, 605, 456 N.W.2d 55 (1990), which contends that the second sentence of M.C.L. § 691.1407(1); MSA 3.996(107)(1) "was merely intended to prevent further erosion of the state's common-law immunity, rather than preserve any common-law exceptions to governmental immunity."
Second, I would have the parties address whether trespass nuisance is not a tort within the meaning of the governmental immunity statutes, but rather an unconstitutional taking of property that requires just compensation even if the taking is temporary. As such, the statute providing governmental immunity for tort liability may not be implicated. As Chief Justice Riley noted in her opinion in Li v. Feldt, supra at 594, 456 N.W.2d 55, "[t]he Taking Clause of the constitution rests at the foundation of the trespass-nuisance exception." The majority in Li v. Feldt and the plurality opinion in Hadfield v. Oakland Co. Drain Com'r, 430 Mich. 139, 422 N.W.2d 205 (1988), both cited Justice Ryan's discussion of the taking rationale in his dissent in Gerzeski v. Dep't of State Hwys., 403 Mich. 149, 170, 268 N.W.2d 525 (1978):

In [intruding-nuisance] cases the potentially dangerous instrumentality or condition literally moves from government-owned land onto adjacent property. Consequently, the neighboring premises and its occupants are subject to either the creation of a risk foreign to the premises or direct and immediate injury. When this transpires the government effectively deprives an owner of the useful possession of that which he *228 owns. The Court views such action as public taking. Under this analysis the state is obliged to pay reasonable compensation for damages ensuing from such "taking" in accordance with the Constitution of the state of Michigan, Const. 1963, art. 10, § 2.