621 N.W.2d 228 (2001)
Robert POHUTSKI, Amy Pohutski, Kierk Sanderlin, Joelle Sanderlin, Alan Bullion, Anthony Corbell, Pietro Fusco, Norma Fusco, Kaye Gardner, Beverly Gardner, Shirley Karapetoff, Karen Kerezi, Brian Lafuente, Michelle Lafuente, Richard Rafalko, Dolores Rafalko, William Shamus, Kathleen Shamus, and all others similarly situated, a certified class, Plaintiffs-Appellees,
v.
CITY OF ALLEN PARK, Defendant-Appellant, and
John Doe Representatives, Employees, or Agents of the City of Allen Park, Defendants.
No. 116949, COA No. 222238.
Supreme Court of Michigan.
February 5, 2001.
On order of the Court, the application for leave to appeal from the May 4, 2000 decision of the Court of Appeals is considered, and it is GRANTED.
We further ORDER that this case be argued and submitted to the Court together with the case of Jones v. City of Farmington Hills, ___ Mich. ___, 621 N.W.2d 226 (2000), at such future session of the Court as both cases are ready for submission.
WEAVER, J., concurs and states as follows:
I agree with the majority's decision to grant leave in Pohutski v. Allen Park and Jones v. Farmington Hills to reconsider this Court's prior interpretations of M.C.L. § 691.1407(1); MSA 3.996(107)(1). I believe that, if we are going to reconsider the prior jurisprudence interpreting M.C.L. § 691.1407(1); MSA 3.996(107)(1), we should look at the entire subsection; accordingly, I would have the parties address the issues I raised in my concurrence in CS & P v. Midland, 461 Mich. 1010, 1012, 620 N.W.2d 7 (2000).
First, I would have the parties brief whether this Court should adopt Justice Griffin's dissent in Li v. Feldt (After Remand), 434 Mich. 584, 596, 605, 456 N.W.2d 55 (1990), which contends that the second sentence of M.C.L. § 691.1407(1); MSA 3.996(107)(1) "was merely intended to prevent further erosion of the state's common-law immunity, rather than preserve any common-law exceptions to governmental immunity."
Second, I would have the parties address whether trespass nuisance is not a tort within the meaning of the governmental immunity statutes, but rather an unconstitutional taking of property that requires just compensation even if the taking is temporary. As such, the statute providing governmental immunity for tort liability may not be implicated. As Chief Justice Riley noted in her opinion in Li v. Feldt, supra at 594, 456 N.W.2d 55, "[t]he Taking Clause of the constitution rests at the foundation of the trespass-nuisance exception." The majority in Li v. Feldt and the plurality opinion in Hadfield v. Oakland Co. Drain Comm'r, 430 Mich. 139, 422 N.W.2d 205 (1988), both cited Justice Ryan's discussion of the taking rationale in his dissent in Gerzeski v. Dep't of State Hwys., 403 Mich. 149, 170, 268 N.W.2d 525 (1978):
*229 In [intruding-nuisance] cases the potentially dangerous instrumentality or condition literally moves from government-owned land onto adjacent property. Consequently, the neighboring premises and its occupants are subject to either the creation of a risk foreign to the premises or direct and immediate injury. When this transpires the government effectively deprives an owner of the useful possession of that which he owns. The Court views such action as public taking. Under this analysis the state is obliged to pay reasonable compensation for damages ensuing from such "taking" in accordance with the Constitution of the state of Michigan, Const. 1963, art. 10, § 2.