Taylor, J.
Defendant pleaded guilty to ouiL-3d, as a third-felony habitual offender. After being sentenced on the ouiL-3d conviction, defendant moved to set aside the conviction on the ground that his two earlier ouil convictions were invalid because he was not afforded counsel in connection with them. The circuit court denied the motion, and the Court of Appeals denied defendant’s application for leave to appeal. We affirm, because such an untimely collateral attack on a prior conviction cannot provide a basis for relief.
i
Pursuant to a plea agreement and while represented by counsel, defendant pleaded guilty in the circuit court to the felony of operating under the influence of intoxicating liquor or a controlled substance, *715 third offense, MCL 257.625(8)(c),[1] as well as being a third-felony habitual offender, MCL 769.11.[2] Thereafter, the circuit court sentenced defendant to 80 to 120 months (six years, eight months to ten years) of imprisonment on the ouiL-3d conviction (with the habitual third enhancement).
Defendant’s conviction of ouiL-3d was predicated on two prior OUIL convictions. After sentencing in the present case, defendant, in a motion to vacate his OUlL-3d conviction and sentence, challenged for the first time the validity of his prior ouil convictions on the basis of his claim that he was not properly afforded his right to counsel in connection with the prior convictions.[3] The circuit court denied the motion. The Court of Appeals denied defendant’s ensuing delayed application for leave to appeal. Unpublished order, entered June 9, 1999 (Docket No. 218032). We granted leave, limited to whether defendant’s collateral challenge to his earlier ouil convictions “was timely where it was not made until after he had pleaded guilty of ouil, third offense.” 463 Mich 967 (2001).
*716 n
A
The present case presents a straightforward question of law, whether a defendant, after pleading guilty to a crime such as ouiL-3d that depends on the defendant having one or more prior convictions, may collaterally attack a prior conviction on the ground that it was improperly obtained because of a denial of the right to counsel. We hold that such an untimely collateral attack on a prior conviction should not be entertained by Michigan courts.
The present case involves a collateral, as opposed to a direct, attack on defendant’s two prior ouil convictions because the attack is being made in the present 0UlL-3d case rather than having been made in a direct appeal from the prior convictions. People v Ingram, 439 Mich 288, 291, n 1; 484 NW2d 241 (1992) (“Collateral attacks encompass those challenges raised other than by initial appeal of the conviction in question”).
In People v Crawford, 417 Mich 607; 339 NW2d 630 (1983), the defendant, under a plea bargain, pleaded nolo contendere to forgery and guilty to being an habitual second offender. On appeal, the defendant in Crawford argued that the plea bargain was illusory because the plea-based prior conviction under the habitual offender charge was subject to attack because it was obtained without the defendant being advised of two of the constitutional rights required by People v Jaworski, 387 Mich 21; 194 NW2d 868 *717 (1972).[4] In affirming the defendant’s guilty plea to being an habitual offender, the Crawford Court stated:
A conviction defective under Jaworski can be challenged by a timely motion by the defendant to quash the supplemental information or to strike from the supplemental information the defective conviction. To be timely, such a motion must be made before a defendant’s plea of guilty or nolo contendere is accepted. [Id. at 613-614.]
In light of the result in Crawford of affirming the defendant’s plea-based conviction, its actual holding is implicit in the second of these sentences. While the first sentence says collateral challenges are possible, the second gives the deadline for when they must be presented to be considered. Because the deadline was missed by the defendant in Crawford, that fact is dis-positive of the case. Accordingly, the first sentence was mere dicta because the merits or nature of the collateral attack in Crawford were of no consequence to its resolution, given the untimeliness of the collateral attack in that case. Thus, the dissent is simply incorrect in asserting that the first sentence was “part of the resolution of the case.” Post at 729.
This Court also stated in Crawford:
*718 Crawford not having moved to set aside the prior conviction of which he now complains or to quash the supplemental information, and it not appearing that the prosecutor was on notice that the prior conviction may have been deficient or subject to challenge, Crawford cannot properly complain that he might not or would not have pled guilty or might have worked out a better plea bargain if the facts had been developed and his legal position had been sustained. [Id. at 613.]
While the dissent emphasizes the factual difference that Crawford did not involve a challenge to a prior conviction based on a violation of the right to counsel, the rationale of Crawford nevertheless applies with equal force to the present case. Because (1) defendant did not move in the trial court to set aside either of his prior ouil convictions before pleading guilty to ouiL-3d and (2) nothing in the record indicates that the prosecution in the present case should have been on notice of any alleged deficiency in the prior ouil convictions, defendant was precluded from collaterally attacking the prior convictions after pleading guilty to the ouiL-3d charge.
B
Justice Brickley authored a concurrence in Crawford in which, joined by Justice Ryan, he expressed disagreement with the assertion in the Crawford majority’s dicta that a conviction defective under Jaworski may be collaterally attacked by a timely motion during an habitual offender proceeding. Crawford, supra at 614-615. Rather, Justice Brickley would have resolved Crawford by holding that only guilty pleas taken in violation of the right to counsel articulated in Gideon v Wainwright, 372 US 335; 83 *719 S Ct 792; 9 L Ed 2d 799 (1963), would be subject to collateral attack. Crawford, supra at 615. It follows that, under this view, Jaworski violations would only be subject to direct attack. Later, in Ingram, supra at 296-297, this Court adopted Justice Brickley’s concurrence in Crawford. Therefore, after Ingram, only Gideon violations could support a collateral attack on a plea-based conviction. The remaining significance of Crawford, after Ingram, was that Crawford had established a timeliness factor in bringing a collateral attack on a predicate conviction. We today make clear that any collateral challenge to a prior conviction must be brought in a timely fashion. Accordingly, to be understood is that the adoption by this Court in Ingram of Justice Brickley’s concurrence in Crawford does not negate the actual holding of this Court in Crawford foreclosing an untimely collateral attack on a conviction. Rather, the holding of Crawford barring collateral attacks of whatever sort on a prior conviction that are not advanced until after a defendant tenders a plea in the present proceeding remains intact.
m
Contrary to the apparent view of the dissent, the present case is distinguishable from Burgett v Texas, 389 US 109; 88 S Ct 258; 19 L Ed 2d 319 (1967), and United States v Tucker, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). In Burgett, the United States Supreme Court reversed a defendant’s convictions following a jury trial on the basis of the use of prior convictions that were from all appearances obtained without the benefit of counsel in violation of Gideon, supra. In Tucker, the defendant was also convicted of *720 a crime by a jury. Id. at 444-445. At sentencing, the federal district court expressly considered three prior felony convictions of the defendant. The Tucker Court held that the defendant was entitled to resentencing because it subsequently was determined that the prior felony convictions were constitutionally invalid as they were obtained without the defendant having been provided the right to counsel as provided by Gideon, supra. Tucker, supra at 447.
In contrast to Burgett and Tucker, both of which involved a defendant convicted after a jury trial, defendant in the present case pleaded guilty to OUiL-3d and thereby acknowledged the validity of his prior ouil convictions. It is this acknowledgment that distinguishes our case, where a plea of guilty sanitized any earlier collateral error, and Burgett and Tucker where no such acknowledgment took place. The watershed importance of a plea of guilty in criminal procedure law was made clear by the United States Supreme Court in Tollett v Henderson, 411 US 258, 267; 93 S Ct 1602; 36 L Ed 2d 235 (1973), where the Court held in the context of federal habeas corpus review of a state criminal conviction:
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea
The parties have not cited, and we have not discovered, any precedent from the United States Supreme Court that carves out an exception to this broad principle for possible Gideon violations in connection *721 with an antecedent conviction. Therefore, contrary to the implication of the dissent, a defendant does not have the unlimited right under controlling precedent to raise at any time a claim that a prior conviction is “void” under Gideon. Rather, the defendant is precluded from this if the time he chooses to raise his Gideon claim is after an intervening guilty plea to an offense such as 0UlL-3d, which inherently includes an admission of the validity of the prior conviction. Accordingly, it is appropriate—and consistent with federal constitutional law as articulated by the United States Supreme Court—to preclude defendant in this case from collaterally attacking the prior ouil convictions underlying his guilty plea to ouiL-3d on the basis of his claims of constitutional deprivations that occurred in connection with the prior convictions.
We believe that the dissent’s reliance, post at 727, on Menna v New York, 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975), to effectively reject the applicability of Tollett, supra, is misplaced. In its brief per curiam opinion in Menna, the United States Supreme Court held that a guilty plea to a charge does not foreclose a claim that the charge is barred by the federal Double Jeopardy Clause. In this context, the Court included in a footnote the following sentence which is relied on by the dissent:
A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. [Menna, supra at 62-63, n 2.]
This language, considered in context, refers to constitutional violations in a case in which the guilty plea at *722 hand is taken, not to alleged constitutional violations related to prior convictions.[5] The point is that a double jeopardy challenge is not waived by a guilty plea because even the unquestionable establishment of factual guilt would not allow a conviction to be validly entered if the conviction would constitute a double jeopardy violation. Further, defendant’s factual guilt in the present case was validly established by his guilty plea to 0UlL-3d. Thus, our reliance on Tollett is in no way inconsistent with the language cited from Merma.[6]
Further, after setting forth the above quotation from Merma, the dissent concludes:
In this case, defendant’s conviction of ouiL-3d depends on prior ouil convictions, one or more of which were obtained in violation of the right to counsel. As further analysis reveals, no precedent exists that sustains the majority’s implicit decision that defendant’s factual guilt of his prior counselless convictions was validly established. [Post at 727.]
This confuses the issue that is properly before us because our concern is whether defendant’s factual guilt of 0UlL-3d was validly established in the present case, not whether his factual guilt of the antecedent *723 OUIL convictions was validly established in prior proceedings. Defendant, with the assistance of counsel, pleaded guilty to OUlL-3d. This constituted a valid establishment of his factual guilt of 0UlL-3d because, as stated in Menna, supra at 62-63, n 2, “a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case.” Thus, the critical point is that, in pleading guilty to OUlL-3d (with the assistance of counsel), defendant acknowledged his prior OUIL convictions. Accordingly, there is simply no occasion for us to independently examine, as the dissent would do, whether defendant’s factual guilt was validly established in the proceedings that resulted in those prior convictions.
IV
Defendant’s argument that his two prior OUIL convictions should be treated as invalid because he was not properly afforded his right to counsel in connection with those convictions comes too late. A collateral attack on a prior conviction underlying a present charge may not be made after a defendant’s plea of guilty to the present charge is accepted. Thus, we affirm the judgment of the circuit court.
Corrigan, C.J., and Cavanagh, Weaver, Young, and Markman, JJ., concurred with Taylor, J.

 Defendant admitted at the plea proceeding that he had been driving on U.S. 23 while he was “way over the legal limit of intoxication” from having consumed a large amount of beer and that his consumption of alcohol had affected him to the point that he could not properly drive a motor vehicle.

 Defendant also pleaded guilty to two misdemeanors that are immaterial for present purposes.

 An indigent defendant is constitutionally entitled to appointed counsel to defend against a misdemeanor charge if the defendant is “actually imprisoned” as a result of being convicted of the charged misdemeanor. People v Reichenbach, 459 Mich 109, 120; 587 NW2d 1 (1998).

 In Jaworski, this Court, applying Boykin v Alabama, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), held that, in a plea proceeding conducted after the June 2, 1969 date of the Boykin opinion, a defendant must be informed by the trial court of and specifically waive (1) the right to trial by jury, (2) the right to confront one’s accusers, and (3) the right against compelled self-incrimination. Accordingly, in directly reviewing the plea-based conviction in Jaworski, in which the trial court failed to inform the defendant of the right against compelled self-incrimination, id. at 26, this Court vacated the conviction and remanded the case for further proceedings. Id. at 33.

 This is especially so because Merma, did not involve a guilty plea to an “enhanced” crime such as 0UlL-3d that depends on the existence of prior convictions. Thus, no issue involving the use or validity of an antecedent conviction was before the Merma Court.

 We also disagree with the dissent’s effort to distinguish Tollelt on the basis that it “involved a direct challenge to a plea” and “did not involve a collateral challenge.” Post at 726. While defendant is advancing a collateral challenge to his prior ouil convictions, he is doing so in an effort to directly challenge his plea to ouiL-3d in the present case. Accordingly, Tollett is on point in precluding defendant from raising claims of alleged constitutional violations that occurred before his guilty plea to 0UlL-3d for the purpose of challenging his 0UlL-3d conviction.