Kelly, J.
(dissenting). Defendant Roseberry’s conviction for the felony ouiL-3d is based on two earlier convictions for OUIL. In at least one of them, defendant did not have counsel and did not validly waive his right to counsel. To allow his conviction for *724 OUiL-3d to stand is to deny Mm a basic constitutional right that legal precedent guarantees him. The majority’s circumvention of it is tenuously based and troubling. The conviction should be reversed.
THE RIGHT TO COUNSEL
The Sixth Amendment right to counsel is umque in both its importance and the protections afforded to it. People v Carpentier, 446 Mich 19, 29; 521 NW2d 195 (1994); see also Custis v United States, 511 US 485; 114 S Ct 1732; 128 L Ed 2d 517 (1994). For example, the United States Supreme Court has limited the instances in wMch a judge may consider convictions obtained in violation of tMs right.
In analyzing whether constitutionally infirm prior convictions may be used to impeach a criminal defendant at trial, the Court has noted that
[t]he starting point in considering this question is, of course, Gideon v Wainwright, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 [1963]. In that case the Court unanimously announced a clear and simple constitutional rule: In the absence of waiver, a felony conviction is invalid if it was obtainéd in a court that denied the defendant the help of a lawyer.[1] [Loper v Beto, 405 US 473, 481; 92 S Ct 1014; 31 L Ed 2d 374 (1972).]
The Court has held that a conviction obtained in violation of a defendant’s right to counsel is void. Burgett v Texas, 389 US 109, 114; 88 S Ct 258; 19 L Ed 2d 319 (1967). Such a conviction cannot be rendered valid by failure of the person convicted to attack it on *725 direct review. Life is not breathed into it when, as here, a defendant pleads guilty to a charge based on it. It is not voidable; it is void. The underlying error of the majority is in assmning the contrary. As Burgett explains:
To permit a conviction obtained in violation of Gideon v Wainwright to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right. [Id. at 115 (internal citation omitted).]
Burgett clearly prohibits using a conviction obtained in violation of a defendant’s Sixth Amendment right to counsel to support another conviction.

UNITED STATES v TUCKER

The United States Supreme Court relied on Burgett in United States v Tucker, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). Tucker held that a judge may not consider convictions obtained in violation of Gideon when sentencing a defendant for a later offense. At the time of sentencing, the defendant in Tucker had not claimed that his earlier convictions were constitutionally infirm. Instead, he challenged the earlier convictions in a collateral proceeding several years later. Id. at 445.
This precedent undercuts the majority’s conclusion here that defendants may not challenge the validity of convictions that are used as a basis for later convictions unless they do so “timely.” The majority undertakes to distinguish Burgett and Tucker on the facts. *726 But the factual differences do not render their holdings inapplicable to this case.
The majority misapprehends my reasoning. I do not contend that the current case is indistinguishable from Burgett and Tucker. The fact of defendant’s prior guilty pleas differentiates it from them. However, the majority is incorrect in concluding that this factual distinction is so significant that it prevails over constitutional principles.
Nor can I agree that defendant’s acknowledgment that he had twice before been convicted of ouil was an acknowledgment that these counselless convictions were constitutionally valid. The transcript of the plea proceedings reveals that defendant admitted two convictions of similar offenses in 1994 and 1996. He was not asked about and he did not admit his guilt of those offenses. There was no attempt to determine if he had counsel in 1994 and in 1996 or had waived the right to counsel. Instead, like the defendant in Tucker, defendant merely acknowledged the fact of the prior convictions. To characterize this as somehow correcting the underlying constitutional error ignores the significance of the right to counsel and contradicts federal precedent establishing that right.

TOLLETT v HENDERSON

The majority’s reliance on Tollett v Henderson[2] to fortify its position is misplaced. Tollett, which held that a defendant may not assert a constitutional error that occurred before his counseled guilty plea, involved a direct challenge to a plea. It did not *727 involve a collateral challenge. More importantly, its discussion of the significance of guilty pleas is unmistakably limited to pleas entered with the advice of counsel. Tollett does not stand for the proposition that a guilty plea waives a challenge to the validity of an earlier conviction when the challenge is based on denial of the right to counsel. See Menna v New York, 423 US 61, 62-63, n 2; 96 S Ct 241; 46 L Ed 2d 195 (1975).
Here the conviction was based in part on a void conviction or convictions. Tollett does not address that situation. It certainly does not hold that a void conviction can be resuscitated by a counseled guilty plea in a later case.
As we discussed in People v New,[3] the United States Supreme Court clarified the holding of Tollett, saying that a counseled guilty plea
“renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of guilt and which do not stand in the way of conviction, if factual guilt is validly established." [New, supra at 488, quoting Menna, supra (emphasis added).]
In this case, defendant’s conviction of OUlL-3d depends on prior OUIL convictions, one or more of which were obtained in violation of the right to counsel. As further analysis reveals, no precedent exists that sustains the majority’s implicit decision that defendant’s factual guilt of his prior counselless convictions was validly established. Tollett does not extend to collateral challenges of underlying void convictions and is inapplicable.

*728
PEOPLE V CRAWFORD

The majority justifies its disposition by relying on this Court’s decision in People v Crawford, 417 Mich 607; 339 NW2d 630 (1983). However, it misquotes and misapplies that decision. There, the defendant moved to set aside his guilty plea. He asserted that he had not been advised of his rights to confront his accusers and not to be compelled to incriminate himself.[4] This Court held that a
conviction defective under Jaworski can be challenged by a timely motion by the defendant to quash the supplemental information or to strike from the supplemental information the defective conviction. To be timely, such a motion must be made before a defendant’s plea of guilty or nolo contendere is accepted. [Id. at 613-614.]
Crawford did not hold that collateral attacks on convictions obtained in violation of Sixth Amendment rights are foreclosed if not raised before a plea of guilty on a subsequent conviction. Crawford involved Jaworski rights. It held that challenges to convictions obtained in violation of those rights must be raised before a plea of guilty to a later offense is accepted.
Contrary to the majority’s interpretation, Crawford drew a careful distinction between convictions obtained in violation of a defendant’s right to counsel and other defects in guilty plea proceedings. It made a narrow ruling that explicitly noted limits on the use *729 of convictions obtained without the advice of counsel, citing Burgett and Tucker. Id. at 614, n 14. The majority misses the distinction.
The majority dismisses Crawford's reference to Jaworski rights as dicta. But on closer examination, it becomes apparent that the holding cannot accurately be read to include Sixth Amendment violations. The Court of Appeals ruling in the case affirmed Crawford’s plea. It rejected his claim that the underlying guilty plea was defective because Crawford had not been advised of his rights to confront witnesses and avoid self-incrimination. Significantly, the Court of Appeals stated that “only those prior guilty-plea convictions where the defendant was not represented by counsel should be excised from one’s prior conviction record for purposes of the habitual offender statute.” See id. at 611.
Rather than affirming because no right exists to collaterally challenge the plea, Crawford expressly acknowledged the viability of a timely collateral challenge to pleas obtained in violation of Jaworski rights. It then concluded that “such a motion” was timely if made before the trial court accepted the plea. Id. at 613-614. This conclusion is relevant only if a collateral challenge can be made. Reading these sentences in context, it becomes clear that the first, which regards challenges to defective convictions under Jaworski, is part of the resolution of the case.
This conclusion is supported by Justice Brickley’s accompanying opinion in which he stated:
I concur in the result of the majority opinion, but cannot concur in the assertion that a conviction, although defective under Boykin v Alabama and People v Jaworski, but never directly attacked, may be challenged by a timely motion *730 during an habitual offender proceeding. I would hold that only those guilty pleas taken in violation of Gideon v Wainwright are subject to collateral attack in later habitual offender proceedings. [Id. at 614-615 (internal citations omitted).]
Reading the sentences regarding Jaworski rights and timeliness in the context of this concurrence confirms that the language regarding challenging Jaworski violations was an integral limitation built into Crawford. Thus, I cannot agree that Crawford’s holding is so broad as to apply to all collateral challenges. Instead, given the importance of the right to counsel, considerations of timeliness must yield when a conviction has been obtained in violation of that fundamental safeguard.
CONCLUSION
Given the clarity and simplicity of the constitutional rule involved in this case, the majority should not be shy about applying it. The majority has found no United States Supreme Court opinion that qualifies or diminishes the Court’s holding in Gideon. The instant case should not be used to plant precedent in Michigan law that may later be cited to justify watering down the constitutional rule enunciated by Gideon, reaffirmed by Burgett, Loper, and Tucker, among others, and adopted by this Court in People v Moore, 391 Mich 426; 216 NW2d 770 (1974).
In deciding the matter before us, the majority carves serious inroads into the Sixth Amendment constitutional right to counsel in Michigan. It relies erroneously on Crawford to circumvent the well-established principle that convictions obtained where a defendant was without counsel and did not waive *731 his right to counsel are void. Yet, as demonstrated above, Crawford does not apply to convictions obtained in violation of the Sixth Amendment.
I would remand this case to the trial court with instructions to reverse defendant’s conviction. Because at least one of his two earlier OUIL convictions is constitutionally infirm, hence void, he cannot be convicted of 0UlL-3d.

 This rule applies to misdemeanor convictions that result in actual imprisonment. Nichols v United States, 511 US 738, 749; 114 S Ct 1921; 128 L Ed 2d 745 (1994).

 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973).

 427 Mich 482; 398 NW2d 358 (1986).

 These rights are known as Boykin-Jaworski rights. Boykin v Alabama, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); People v Jaworski, 387 Mich 21; 194 NW2d 868 (1972). Boykin and Jaworski held that a defendant entering a guilty plea must be advised by the trial judge of (1) the privilege against self incrimination, (2) the right to trial by jury, and (3) the right to confront one’s accusers. The record must show that the defendant was so informed.